**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN
GRAND RAPIDS DIVISION**

**JASON ICKES, voter**

**KEN BEYER, voter**

**MACOMB COUNTY REPUBLICAN PARTY by its officers of the Executive Committee,**

**DONNA BRANDENBURG, US Tax Payers Candidate for the 2022 Governor of Michigan,**

**ELECTION INTEGRITY FUND AND FORCE, a Michigan non-profit corporation, AND**

**SHARON OLSON, in her official capacity as the Clerk of Irving Township Barry County**

**Plaintiffs,**

**v.**

**GRETCHEN WHITMER, in her official capacity as the Governor of Michigan, and**

**JOCELYN BENSON, in her official capacity as Michigan Secretary of State**

**Defendants.**

**Civil Action No. : ____________________**

**REQUEST FOR IMMEDIATE CONSIDERATION**

**Daniel J. Hartman (P52632)
Attorney for Plaintiffs
PO BOX 307
Petoskey, MI 49770
(231) 348-5100
Danjh1234@yahoo.com**

**Russell Newman A. Newman TN BRP#033462**
**Co-counsel for Plaintiff Jason Ickes**
**Application for admission forthcoming**
**253 S. Tamiami Suite 120**
**Nokomis, FL 34275**
**(615) 544-1510**
**russell@thenewmanlawfirm.com**

**EX PARTE CONSOLIDATED MOTION FOR TEMPORARY RESTRAINING ORDER PRESERVING EVIDENCE AND BRIEF**

COMES NOW Plaintiff and pursuant to Fed. R. Civ. P. 65(b) respectfully requests that this Honorable Court issue a Temporary Restraining Order enjoining and/or restraining the Defendants and its parties' officers, agents, servants, employees and attorneys and other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B), from destroying the records, documents and/or evidence relating to Michigan's 2020 presidential election. Additionally, the Plaintiffs request that this court expedite the preliminary injunction hearing pursuant to Fed. R. Civ. P. 65(b)(3) to enjoin the destruction of said evidence until this case can be heard on its merits.

## I. STATEMENT OF RELEVANT FACTS

On November 3, 2020, the State of Michigan conducted a statewide election for President of the United States. Verified Complaint, ¶ 7. However, the Defendants certified election results that came from electronic voting equipment that was unlawfully used in the 2020 presidential election. *Id* at ¶¶ 7-8. Pursuant to 52 U.S.C. § 20701, the state and local governments are required to preserve all documents, records and/or evidence pertaining to the 2020 presidential election for twenty-two (22) months. *See* 52 U.S.C. § 20701. The expiration of twenty-two (months) retention period expires this Sunday September 4, 2022. The present case is an election integrity case and Plaintiff contends that he will need to examine said documents, records and/or evidence from the 2020 election to determine the extent to which he will need to present them in his case in chief and, therefore, this court should enter a Temporary Restraining Order in order to preserve the documents, records and evidence.

## II. <u>ARGUMENT AND CITATION OF AUTHORITY</u>

The Federal Rules of Civil Procedure permit this court to issue a temporary restraining order under certain conditions. Specifically, the Federal Rules of Civil Procedure provide the following:

> **(b) Temporary Restraining Order.**
>
> (1) ***Issuing Without Notice.*** The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that **<u>immediate</u>** and **<u>irreparable</u>** injury, loss, or damage will result to the movant **<u>before the adverse party can be heard in opposition</u>**; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Fed. R. Civ. P. 65(b)(1) (emphasis added). "The decision to grant a preliminary injunction requires weighing whether the moving "party (1) 'establish[ed] that he is **<u>likely to succeed on the merits</u>**,' (2) 'that he is likely to suffer **<u>irreparable harm</u>** in the absence of preliminary relief,' (3) 'that the balance of **<u>equities tips in his favor</u>**,' and (4) 'that an **<u>injunction is in the public interest</u>**.'" *Fowler v. Benson*, 924 F.3d 247, 256 (6th Cir. 2019) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (emphasis added)) *Mich. Educ. Ass'n Family Retired Staff Ass'n v. Mich. Educ. Ass'n* (6th Cir. 2021).

"The district court's determination of whether the movant is likely to succeed on the merits is a question of law and is accordingly reviewed de novo." *Id* (citing *Tumblebus*, 399 F.3d at 760). "However, the district court's ultimate determination as to whether the four preliminary injunction factors weigh in favor of granting or denying preliminary injunctive relief is reviewed for abuse of discretion." *Id.* "This standard of review is 'highly deferential' to the district court's decision. *Id* (citing *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir.2000)). "The district court's determination will be disturbed only if the district court relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard." *Id* (citing *Hamilton's Bogarts*, 501 F.3d at

649 (quoting *Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir.2000))). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id* (citing *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)).

"'The purpose of a preliminary injunction [and a Temporary Restraining Order] is merely to ***preserve the relative positions of the parties until a trial on the merits can be held***.'..." *Certified Restoration Dry Cleaning,* 511 F.3d at 542 (citing *Certified Restoration Dry Cleaning v. Tenke*, 511 F.3d 535 (6th Cir. 2007)) (emphasis added). "Given this limited purpose, 'a preliminary injunction is **customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits**.'" *Id* (emphasis added). "Accordingly, a party 'is not required to prove his case in full at a preliminary injunction hearing and the findings of fact and conclusions of law made by a court granting the preliminary injunction are not binding at trial on the merits.'" *Id*. *But see Leary*, 228 F.3d at 739 (noting that "the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion"). When considering a motion for preliminary injunction, a district court must balance four factors:

> (1) whether the movant has a strong likelihood of success on the merits;
>
> (2) whether the movant would suffer irreparable injury without the injunction;
>
> (3) whether issuance of the injunction would cause substantial harm to others; and
>
> (4) whether the public interest would be served by the issuance of the injunction.

*Certified Restoration Dry Cleaning*, 511 F.3d at 542.

In the case at bar, Plaintiff has a strong likelihood of success on the merits. The facts and the law in this case are clear. Michigan certified an unlawful election and it did not comply with the law in numerous counties. Plaintiff has used the government's own website pages and documents to

demonstrate, with one hundred percent (100%) accuracy, that Michigan certified an election that contained election results that were void *ab initio* when certain counties failed/refused to follow the law and only use voting system test laboratories that were certified by the EAC. While this case and the requisite remedy may not be a popular, the Plaintiff is nonetheless right.

Second, the Temporary Restraining Order would preserve records, documents and evidence relating to the 2020 presidential election. The instant case is an election integrity lawsuit and Plaintiff contends that he needs to be able to have his experts and/or consultants examine the evidence so that he can determine if they are needed in presenting his case in chief. If this court were to permit the destruction of all of Michigan's records, documents and evidence of the 2020 election, then the harm would be irreparable because said items would be destroyed (they would cease to exist), which is the very definition of irreparable; the damage cannot be undone. Plaintiff would suffer an injury because he would lose the opportunity to present said evidence in his case in chief. A temporary restraining order and a preliminary injunction are both necessary in this case to stop the Defendants and those "other persons who are in active concert or participation with" the Defendants from destroying said records, documents and evidence. Fed. R. Civ. P. 65(d)(2)(C).

Third, the issuance of the Temporary Restraining Order and Preliminary Injunction will not cause substantial harm to anyone except to those who were/are involved with rigging elections, covering up election irregularities or involved in other illegal activities and these people should not be protected by allowing the destruction of the 2020 presidential election evidence. To the contrary of substantial harm, many people in the great State of Michigan would be relieved to see the preservation of Michigan's 2020 presidential election records, documents and evidence. Plaintiff urges this Court to preserve the evidence so that Michigan can continue working to restore voter confidence in its elections and restore its election integrity. Further, there is no state interest in

destroying or deleting the 2020 election records in the absence of any duty to destroy the records of the election.

Fourth, the public interest demands that the records, documents and evidence of the 2020 presidential election be preserved. Our form of government is "of the People, by the People and for the People." The public interest demands transparency into elections and this court should not hinder Plaintiff from his ability to conduct discovery and use said evidence in his case in chief. "Given this limited purpose, 'a preliminary injunction is **customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits**.'" *Certified Restoration Dry Cleading*, 511 F.3d at 542 (citing *Certified Restoration Dry Cleaning v. Tenke*, 511 F.3d 535 (6th Cir. 2007)) (emphasis added).

Plaintiff Ken Beyer submits his affidavit attached as Exhibit A: Affidavit of Donna Brandenburg pursuant to Fed. R. Civ. P. 65(b)(1)(A).

Attached by separate Certification is compliance with LCivR 7.1 (d) and Fed. R. Civ. P. 65(b)(1)(b)

Expedited relief is requested to prevent the destruction of relevant, discoverable evidence.

Respectfully submitted this 2nd day of September 2022.

/s/Daniel J. Hartman
Daniel J. Hartman (P52632)
Law Office of Daniel J. Hartman
Attorney for Plaintiffs
PO BOX 307
Petoskey, MI 49770
(231) 348-5100
Danjh1234@yahoo.com

/s//RUSSELL NEWMAN
Russell Newman A. Newman*
TN BRP#033462
Attorney for Plaintiff Jason Ickes
253 S. Tamiami Suite 120
Nokomis, FL 34275
(615) 544-1510
russell@thenewmanlawfirm.com
*Application to Western District Forthcoming

**Certificate of Compliance with LCivR 7.3(b)(2)**

Microsoft word (online version current) as of the date of filing determines the word count of this document including the certification to be 1777 words.

/s/Daniel J. Hartman

Daniel J. Hartman (P52632)
Law Office of Daniel J. Hartman
Attorney for Plaintiffs
PO BOX 307
Petoskey, MI 49770
(231) 348-5100
Danjh1234@yahoo.com