UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| JASON ICKES, *et al.*, | ) | |
| Plaintiffs, | ) | |
| | ) | No. 1:22-cv-817 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| GRETCHEN WHITMER and JOCELYN BENSON, | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiffs filed this lawsuit challenging the certification of Michigan's 2020 presidential election results.[1] Along with their complaint, Plaintiffs filed a motion for a temporary restraining order. (ECF No. 2.) Plaintiffs ask the Court to restrain Defendant Gretchen Whitmer and Jocelyn Benson, and those acting in concert with them, from destroying any records relating to the 2020 presidential election. Upon careful review of the motion for emergency relief, the Court will deny the request for a temporary restraining order.

I.

Decisions regarding a temporary restraining order are within the discretion of a district court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Under Rule 65, a court may issue a temporary restraining order, without notice to the adverse

---

[1] Plaintiffs filed their complaint on Friday, September 2, 2022, at 6:47 p.m. Plaintiffs filed a second complaint at 7:10 p.m. An amended complaint supersedes the original complaint, which becomes a nullity. *See Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014) (citing 6 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2010)); *Drake v. City of Detroit*, 266 F. App'x 444, 448 (6th Cir. 2008). Where necessary, the Court references the second filed complaint.

party, only if two conditions are met. Fed. R. Civ. P. 65(b)(1). First, the moving party must establish specific facts through an affidavit or a verified complaint or affidavit showing that an immediate and irreparable injury will result to the moving party before the adverse party can be heard in opposition to the motion. Fed. R. Civ. P. 65(b)(1)(A). Second, the counsel for the moving party must certify in writing any efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). In addition, the court must consider each of four factors: (1) whether the moving party demonstrates a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the order; (3) whether the order would cause substantial harm to others; and (4) whether the public interest would be served by the order. *Ohio Republican Party*, 543 F.3d at 361 (citation omitted). The four factors are not prerequisites that must be met but are interrelated concerns that must be balanced together. *See Northeast Ohio Coalition for Homeless and Serv. Emps. Int'l Union v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). Our United States Supreme Court cautions that temporary restraining orders are extraordinary and drastic remedies that may be issued only under "stringent restrictions" and their limited availability "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 438-39 (1974).

II.

A.

Rule 65(b)(1)(A) imposes two requirements on the party seeking a temporary restraining order. First, the party must identify an irreparable harm that will occur before the opposing party can be heard in opposition to the motion. Second, the party must attest to the veracity of the facts establishing irreparable harm either by affidavit or through a verified complaint.

The Court concludes Plaintiffs have not met the requirements contained in Rule 65(b)(1)(A). Plaintiffs titled their pleading "Verified Complaint" (ECF No. 3 PageID.46) but failed to include a signature from any plaintiff and also failed to include a statement indicating that the allegations in the complaint are made under penalty of perjury. *See* 28 U.S.C. § 1746; *Williams v. Browman*, 981 F.2d 901, 904-05 (6th Cir. 1992); *accord Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("But, a verified complaint is not just a pleading; it is also the equivalent of an affidavit . . . because it 'contains factual allegations that if included in an affidavit or deposition would be considered evidence, and not merely assertion.'") (citation omitted); *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 994-95 (8th Cir. 2001) (stating that "a complaint signed and dated as true under penalty of perjury satisfies the requirements of a verified complaint, 28 U.S.C. § 1746.").

Attached to their motion, Plaintiffs filed two affidavits. Attorney Russell Newman filed one affidavit. (ECF No. 2-2 PageID.38-39.) Counsel does not make any allegations about an irreparable harm that will occur before Defendants can be heard in opposition to the motion. Plaintiffs also attached an affidavit from Plaintiff Ken Beyer. (ECF No. 2-3

PageID.40.)  Beyer attests that Michigan law requires the preservation of election records. (*Id.* ¶ 4.)  He attests that he sought election records through FOIA requests and that some records have not been provided and some have been reported lost or deleted or destroyed or are otherwise unattainable without a court order.  (*Id.* ¶ 5.)  Beyer does not allege, under penalty of perjury, that Defendants will destroy election records before they can be heard in opposition to this motion.

### B.

In their factual allegations, Plaintiffs summarize concerns about the certification of voting machines used in Michigan for the November 2020 election.  Plaintiffs allege that no county in Michigan used a properly certified electronic voting system.  (ECF No. 3 Compl. ¶ 53 PageID.55.)  Plaintiffs conclude, therefore, that the electronic voting systems that were used violated Michigan law and the election is void *ab initio* and should not have been certified.

Plaintiffs describe their claim as arising under the First, Ninth and Fourteenth Amendments and explains that they have a "constitutional right to vote for the candidate of [their] choice, [and] also the constitutional right not to have [their] vote diluted, canceled out, and/or nullified by the counting of illegal or false or fraudulent votes and/or by the failure to count legal votes, and or by the certification of fraudulent and/or unverifiable votes."  (ECF No. 3 Comp. ¶ 104 PageID.63.)  Plaintiffs allege, because Defendants failed to properly certify the voting machines used in the State of Michigan for the November 2020 election, their votes were diluted, canceled out, and/or nullified.  (*Id.* ¶ 106.)  And, Plaintiffs allege that if the information and data required to be preserved for 22 months under 52 U.S.C. §

20701 is destroyed, it will be impossible to demonstrate the failure of certification of voting machines. (*Id.* ¶ 107 PageID.64.)

The Court concludes Plaintiffs are not likely to succeed on the merits of their claim. First, Plaintiffs have only a generalized grievance that would be common among all people who cast a vote in the November 2022 election and not a particularized, individual injury. Consequently, Plaintiffs likely do not have standing to raise this concern about machines used in the November 2022 election or the possible destruction of records. *See Pirtle v. Nago*, No. 22-381, 2022 WL 3915570, at *3-*4 (D. Haw. Aug. 31, 2022). Second, Plaintiffs likely cannot establish an Equal Protection claim. On the facts alleged in the complaint, all ballots cast in Michigan were treated equally, albeit by allegedly uncertified voting machines. Plaintiffs were able to cast a ballot for their electors of choice and their votes were counted. Plaintiff have not pled facts to show that their votes were canceled, diluted or nullified. Third, 52 U.S.C. 20701 likely does not create a private right of action. *See Fox v. Lee*, No. 4:18cv529, 2019 WL 13141701, at *1 (N.D. Fla. Apr. 2, 2019); *see also Soudelier v. Dept. of State Louisiana*, No. 22-2436, 2022 WL 3686422, at *1 (E.D. La. Aug. 25, 2022) (citing *Fox*); *Pirtle,* 2022 WL 3915570, at *3 (citing *Fox* and *Soudelier*). Likely, the Attorney General or his or her representative may enforce the requirements of § 20701. *See Fox,* 2019 WL 13141701 at *1*; see also* 52 U.S.C. § 20703. Fourth, Plaintiffs may not have sued the correct parties. Under Michigan statute, City and county clerks or the Board of County Canvassers appear to have responsibility for retaining election records, not the Governor or the Secretary of State. *See* Mich. Comp. Laws § 168.810a. Plaintiff have not alleged any practice or policy of either Defendant directing county officials to destroy election records.

The Court also finds that Plaintiffs have not established an irreparable harm that will occur before Defendants can be heard in opposition. At best, Plaintiffs allege in the complaint that the time required by statute to preserve records ended on September 4, 2022. That allegation does not, however, establish that Defendants will begin to destroy records as soon as the retention requirement passes. In addition, even if the federal statute, 52 U.S.C. § 20701 provides for a twenty-two month retention period, state law requires the retention of election records for two years. Mich. Comp. Laws § 168.811.

Having found that the first two factors weigh against granting ex parte relief, the Court need not consider the other two factors.

### III.

Accordingly, the Court declines to grant Plaintiffs a temporary restraining order. Plaintiffs have not met the requirements for emergency ex parte injunctive relief because they did not attest, under penalty of perjury, to the veracity of the factual allegations necessary for the specific relief sought. Plaintiffs also have not demonstrated any imminent irreparable harm or a likelihood of success on the merits of their claims.

## ORDER

For the reasons provide in the accompanying Opinion, the Court **DENIES** Plaintiffs' motion for a temporary restraining order. (ECF No. 2.)

Plaintiffs must serve Defendants as soon as possible. Plaintiffs must file proof of service no later than Monday, September 12, 2022.

Having denied the request for a temporary restraining order, the Court will treat the motion as a request for a preliminary injunction. Defendants must file a response no later than Monday, September 19, 2022. Plaintiffs may file a reply by Monday, September 26, 2022. After reviewing the briefs, the Court may hold a hearing if necessary.

**IT IS SO ORDERED.**

Date:   September 8, 2022                                             /s/  Paul L. Maloney
                                                                                       Paul L. Maloney
                                                                                 United States District Judge