UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON ICKES, voter, KEN BEYER, voter,
MACOMB COUNTY REPULICAN PARTY, by
its officers of the Executive Committee,
DONNA BRANDENBERG, US Tax Payers
candidate for the 2022 Governor of Michigan,
ELECTION INTEGRITY FUND AND FORCE,
a Michigan non-profit corporation, and
SHARON OLSON, in her official capacity as
the Clerk of Irving Township Barry County,

    Plaintiffs,

v

GRETCHEN WHITMER, in her official
capacity as the Governor of Michigan, and
JOCELYN BENSON, in her official capacity as
Michigan Secretary of State and MICHIGAN
BOARD OF STATE CANVASSERS,

    Defendants.

No. 22-cv-00817

HON. PAUL L. MALONEY

MAG. PHILLIP J. GREEN

**DEFENDANTS' BRIEF IN SUPPORT OF THE MOTION TO DISMISS**

_____

Daniel J. Hartman (P52632)
Attorney for Plaintiffs
P O Box 307
Petoskey MI 49770
(231) 348-5100
Danjh1234@yahoo.com

Heather S. Meingast (P55439)
Erik A. Grill (P64713)
Assistant Attorneys General
Attorneys for Defendants
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659
meingasth@michigan.gov
grille@michigan.gov
_____/

i

**DEFENDANTS' BRIEF IN SUPPORT OF THE MOTION TO DISMISS**

Heather S. Meingast (P55439)
Erik A. Grill (P64713)
Assistant Attorneys General
Attorneys for Defendant Benson
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659
meingasth@michigan.gov
P55439

Dated:  October 4, 2022

# Table of Contents

Page

Index of Authorities ................................................................................................... v

Concise Statement of Issues Presented ........................................................................ vi

Statement of Facts ...................................................................................................... 1

    A.    Plaintiffs' Claims and Allegations ........................................................... 1

    B.    Statutory Requirements of Mich. Comp. Laws § 168.795a ................... 4

        1.    They be approved by the Board of State Canvassers. The Board approves machines, "as meeting the requirements of sections 794 and 795 and instructions regarding recounts that have been issued by the Secretary of State…" ....................................................................................... 4

        2.    That Section 797c has been complied with. Section 797c provides that a copy of the source code of the program and any subsequent revisions or modifications of the source code be placed in an escrow account. ............................................ 4

        3.    That the machine meets 1 of two conditions in Section 795a(1): ................................................................................. 4

    C.    Certification of Pro V&V ........................................................................ 5

    D.    Procedural History ................................................................................. 6

Argument ................................................................................................................... 9

I.    Plaintiffs lack standing to bring any of the claims in the complaint. ............... 9

II.    Plaintiffs' claims are barred by laches. ........................................................... 10

III.    Plaintiffs' statutory and constitutional claims are without merit. ................... 10

    A.    Plaintiffs have not stated a claim for violation of Equal Protection. ............................................................................................. 10

    B.    Plaintiffs have failed to state a claim under 50 U.S.C. § 20701. ........... 10

        1.    Under Michigan law, local clerks—not the Secretary of State or Governor—retain election records. ............................... 11

      C.     Plaintiffs' claims are barred by the Eleventh Amendment. .................. 11

IV.    Plaintiffs are not entitled to a declaratory judgment. ..................................... 12

Conclusion and Relief Requested ............................................................................. 12

Certificate of Service .................................................................................................. 13

# INDEX OF AUTHORITIES

Page

**Cases**

*Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242 (11th Cir. 2005) ........ 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................... 8

*Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631 (6th Cir.2007) .................... 9

*United States v. Gaubert*, 499 U.S. 315 (1991) ............................................................ 8

**Statutes**

Mich. Comp. Laws § 168.795a .............................................................................. iii, 4

Mich. Comp. Laws § 168.795a(1) .............................................................................. 4

**Rules**

Fed. R. Civ. Proc. 10(c) ............................................................................. 9, 10, 11, 12

**Constitutional Provisions**

42 U.S.C. § 1983 ......................................................................................................... 1

50 U.S.C. § 20701 ....................................................................................................... 2

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Whether Plaintiffs lack standing to bring the claims raised in the complaint?

2. Whether Plaintiffs' claims are barred by laches?

3. Whether Plaintiffs have failed to state a claim for violation of Equal Protection?

4. Whether Plaintiffs have failed to state a claim for a violation of 50 U.S.C. § 20701 and 20702?

5. Whether Plaintiffs' claims under 42 U.S.C. §1983 are barred by the Eleventh Amendment?

6. Whether Plaintiffs have failed to state a claim for a declaratory judgment?

## STATEMENT OF FACTS

Despite Plaintiffs' protestations that this case is about "whether the electronic voting systems are 'qualified'", this case is an attack on the legitimacy of the results of the 2020 general election—indeed, Plaintiffs' requested relief includes a demand for mandamus compelling the 2020 presidential to be rerun.  But Plaintiffs have brought this action nearly two years after the 2020 election, and on the eve of the 2022 general election.  Here, Plaintiffs consist of two individual voters, a county political party, a candidate for governor in the 2022 election, a non-profit corporation, and one township clerk.  (ECF 8, Am. Cmplt, ¶1-6, PageID.89-96.)  The named Defendants are Secretary of State Jocelyn Benson and Governor Gretchen Whitmer, each in their official capacities, and the Board of State Canvassers.  (*Id.*, ¶7, PageID.97.)

### A. Plaintiffs' Claims and Allegations

In their Amended Complaint, Plaintiffs seek a declaratory judgment that, "the Help America Vote Act of 2002 is constitutional," and that the electronic voting machines used in Michigan were not properly used.  (*Id.*, ¶107, 118, PageID.115, PageID.117.)  They also raise claims under 42 U.S.C. § 1983 alleging violations of their right to vote under the Equal Protection Clause.  (*Id.*, ¶125, PageID.117-118.)

Plaintiffs allege that the accreditation of Pro V &V—one of the testing laboratories responsible for certifying voting machines in the 2020 election—had "lapsed." (*Id.*, ¶48, PageID.105.)  This allegation is based entirely on their finding a certificate of accreditation for Pro V&V on the U.S. Election Assistance Commission (EAC) website from 2015, and Plaintiffs' finding "no evidence" that Pro V&V was

1

"recertified." (*Id.*, ¶46, PageID.105.) Plaintiffs then cite to the Voting System Test Laboratory Program Manual, asserting that "A grant of accreditation is valid for a period not to exceed two years." (*Id.*, ¶47, PageID.105.) Plaintiffs thus conclude—without any further information—that in 2019, Pro V&V's accreditation "was lapsed by more than two years." (*Id.*, ¶48, PageID.105.)

Plaintiffs further allege that, as a result of this lapse, the voting machines themselves are not valid and—as a consequence—the results of the 2020 election should not have been certified. (*Id.*, ¶71, PageID.110.) Plaintiffs rely upon Mich. Comp. Laws §168.795a as the basis for their claims that the voting machines in 2020 were not usable. (*Id.*, ¶21-27, PageID.102.) Plaintiffs also refer to 50 U.S.C. §§ 20701, 20703, and 20705 as providing this Court with jurisdiction over their claims. (*Id.*, ¶91-103, PageID.113-115.)

The relief sought in the complaint includes:

- A temporary restraining order preventing the Defendants from:
    - "tampering with or otherwise adulterating the property and evidence regarding the 2020 election"; and
    - "interfering with and/or destroying all investigatory evidence, confidences and privileges relating to Michigan's 2020 presidential election."
- A preliminary injunction ordering the Defendants:

2

- o "to remove any/all election equipment for the 2022 elections that is not certified by an accredited voting system test laboratory"; and

- o "to preserve all 2020 presidential election records (electronic or otherwise) indefinitely as the 2020 presidential election is still being investigated."

- A writ of mandamus compelling the Defendants to:

  - o "decertify the Michigan's (sic) 2020 presidential election and to recall Michigan's Joseph R. Biden presidential electors; and

  - o order the Defendants to work together to rerun the Michigan 2020 presidential election as soon as possible, by way of a special election, with paper ballots only, on a single election **day**, with the votes being counted by hand, with members of all political parties present to observe, with a public livestream of all vote counting; and

- An award of damages "to be determined by a jury of twelve (12);"

- A permanent injunction on use of electronic voting machines that are not certified by an accredited laboratory in all future elections.

(*Id.*, PageID.123-124.)

Plaintiffs' complaint neither identifies nor defines what "evidence" regarding the 2020 election they seek to have preserved. Plaintiffs do not specify a duration for their requested injunction, opting instead to seek an "indefinite" injunction

3

while the 2020 election is still being investigated—but they do not specify any particular investigation, identify anyone conducting an investigation, or suggest when it might be completed. Plaintiffs' complaint does not actually include any allegations that the results of the 2020 general election were inaccurate or fraudulent.

### B. Statutory Requirements of Mich. Comp. Laws § 168.795a

Mich. Comp. Laws § 168.795a provides for the use of electronic voting machines and sets forth requirements for the use of such machines. Section 795a(1) provides that electronic voting machines not be used unless:

1. They be approved by the Board of State Canvassers. The Board approves machines, "as meeting the requirements of sections 794 and 795 and instructions regarding recounts that have been issued by the Secretary of State…"

2. That Section 797c has been complied with. Section 797c provides that a copy of the source code of the program and any subsequent revisions or modifications of the source code be placed in an escrow account.

3. That the machine meets 1 of two conditions in Section 795a(1):

   - The machine is certified by an independent testing authority accredited by the national association of state election directors and by the board of state canvassers; or
   - In the absence of an accredited independent testing authority, the machine is certified by the manufacturer of the voting system as meeting or exceeding the performance and test standards referenced in subsection a in a manner prescribed by the board of state canvassers.

Mich. Comp. Laws § 168.795a(1).

4

C.     **Certification of Pro V&V**[1]

On July 28, 2022, the Bureau of Elections sent a letter to County Clerks and County Election Directors concerning correspondence that had been sent to their offices regarding the certification of voting systems in Michigan. (Exhibit A, Clerk Letter 7/28/22.) In that letter, the Bureau informed the clerks that claims that the voting system test laboratories (VSTL) were not certified "are not accurate." (Ex. A, p 1.) The letter expressly observed that, "Pro V&V was accredited by the EAC on February 24, 2015," and that "Federal law provides that EAC accreditation of a voting system test laboratory cannot be revoked unless the EAC Commissioners vote to revoke the accreditation." (Ex. A, p 1.) The letter further noted that, "The EAC has never voted to revoke the accreditation of Pro V&V," and that Pro V&V was issued a new accreditation certificate on February 1, 2021. (Ex. A, p 1.)

The Bureau's letter also included a footnote reference to the EAC's website, which provided a succinct discussion of Pro V&V's certificate in 2017-2019. (Ex A, p 2, n 4.) The EAC's website stated, in pertinent part:

> The VSTL accreditation **does not get revoked unless the commission votes to revoke accreditation**; and by that same token, **EAC generated certificates or lack thereof do not determine the validity of a VSTL's accreditation status.** [2]

---

[1] While not pertinent to any of the Defendants' arguments in this motion, the information in this section is provided for the benefit of the Court or any members of the public who might be curious about the allegations made by Plaintiffs in their complaint.

[2] See https://www.eac.gov/sites/default/files/voting_system_test_lab/files/VSTL%20Certificates%20and%20Accreditation_0.pdf (last visited October 4, 2022).

5

So, the certificates upon which Plaintiffs rely do not determine the validity of Pro V&V's accreditation.  The EAC webpage also makes the following statement concerning Pro V&V's certificate and its compliance with program requirements:

> Due to administrative error during 2017-2019, the EAC did not issue an updated certificate to Pro V&V causing confusion with some people concerning their good standing status. Even though the EAC failed to reissue the certificate, Pro V&V's audit was completed in 2018 and again in early 2021 as the scheduled audit of Pro V&V in 2020 was postponed due to COVID-19 travel restrictions. Despite the challenges outlined above, **throughout this period, Pro V&V and SLI Compliance remained in good standing with the requirements of our program and retained their accreditation.** In addition, the EAC has placed appropriate procedures and qualified staff to oversee this aspect of the program ensuring the continued quality monitoring of the Testing and Certification program is robust and in place.[3]

(Emphasis added).  Plaintiffs' allegations about the accreditation of Pro V&V are simply—but entirely—wrong, according to EAC, which is the same organization upon which Plaintiffs attempt to base their claims.  (ECF No. 8, ¶30, 33, 38-49, PageID.102-106.)  This information is publicly available, but Plaintiffs make no reference to it in their Complaint.

### D. Procedural History

Plaintiffs originally filed their complaint on September 2, 2022.  (ECF No. 1, Complaint, PageID.1-24.)  Contemporaneously, they also filed a motion for an ex parte Temporary Restraining Order (TRO).  (ECF No. 2, TRO Motion, PageID.29-44.)  Later the same day, Plaintiffs filed a "corrected" complaint.  (ECF No. 3, Corrected Complaint, PageID.45-76.)  The corrections to the complaint appear to be

---

[3]See https://www.eac.gov/sites/default/files/voting_system_test_lab/files/VSTL%20Certificates%20and%20Accreditation_0.pdf (last visited October 4, 2022).

6

limited to the addition of various documents related to the certification of presidential electors, and the declaration of Attorney Russell A. Newman that providing notice to the Defendants of their motion for TRO would be "futile" because the Defendants had not "corrected" the certification of the 2020 presidential election.  (ECF No. 3, PageID.75-76.)

On September 8, 2020, this Court issued an Opinion and Order denying the TRO, treating the motion for TRO as a request for preliminary injunction, and directing the Defendants to respond by Monday, September 19, 2022.  (ECF No. 7, Opinion & Order, PageID.81-87.)

On September 11, 2022, Plaintiffs filed another Amended Complaint.  (ECF No. 8, PageID.88-132).  In this third iteration of the complaint, Plaintiffs added the Board of State Canvassers as a defendant and included additional factual allegations.

Defendants filed their response to the injunction motion on September 19, 2022.  (ECF No. 11, Response, PageID.138-173).  The following day, Defendants filed a corrected brief.  (ECF No. 13, Corrected Response, PageID.176-212).  On September 26, 2022, Plaintiffs filed a 40-page reply brief with over 1,300 pages of exhibits.  (ECF No 15, Reply, PageID.215-1561).[4]

---

[4] This filing plainly violated a number of local rules.  For instance, it exceeds the word limit for reply briefs of 4,300 by 7,500 words, nor was the brief accompanied by a certificate of compliance.  See LR 7.2(b)(ii), (c).

7

## STANDARD OF REVIEW

In a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court must accept as true the allegations of a plaintiff's complaint and then determine whether the statements are sufficient to make out a right of relief. *United States v. Gaubert*, 499 U.S. 315, 327 (1991). However, although it must accept well-pled facts as true, the Court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In evaluating the sufficiency of a plaintiff's pleadings, the Court may make reasonable inferences in the plaintiff's favor, "but [the Court is] not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, conclusory allegations are "not entitled to be assumed true." *Iqbal*, 129 S. Ct. at 1951.

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. See *Iqbal*, 129 S. Ct. at 1950 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly* the Supreme Court emphasized a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at1965. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the

8

complaint are true (even if doubtful in fact)." *Id*. at 555, 127 S. Ct. at 1964-65 (internal citations and emphasis omitted).

In *Iqbal*, the Supreme Court reiterated that although Fed. R. Civ. P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id*. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. A complaint must thus "contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable theory." *Edison v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir.2007).

## ARGUMENT

**I.    Plaintiffs lack standing to bring any of the claims in the complaint.**

Pursuant to Fed. R. Civ. Proc. 10(c), Defendants adopt and incorporate by reference their arguments in their response to the motion for preliminary injunction. For purposes of this argument, Defendants specifically refer to ECF No. 13, PageID.191-194.

For these reasons, Plaintiffs have failed to show that their injury can be redressed by the relief they seek and thus possess no standing to pursue their equal protection claim.

**II.     Plaintiffs' claims are barred by laches.**

Pursuant to Fed. R. Civ. Proc. 10(c), Defendants adopt and incorporate by reference their arguments in their response to the motion for preliminary injunction. For purposes of this argument, Defendants specifically refer to ECF No. 13, PageID.194-196.

For these reasons, Plaintiffs' claims are barred by the doctrine of laches and should be dismissed.

**III.    Plaintiffs' statutory and constitutional claims are without merit.**

    **A.     Plaintiffs have not stated a claim for violation of Equal Protection.**

Pursuant to Fed. R. Civ. Proc. 10(c), Defendants adopt and incorporate by reference their arguments in their response to the motion for preliminary injunction. For purposes of this argument, Defendants specifically refer to ECF No. 13, PageID.196-200.

For these reasons, Plaintiffs have failed to state a claim for a violation of the Equal Protection Clause, and their claims should be dismissed.

    **B.     Plaintiffs have failed to state a claim under 50 U.S.C. § 20701.**

Pursuant to Fed. R. Civ. Proc. 10(c), Defendants adopt and incorporate by reference their arguments in their response to the motion for preliminary injunction. For purposes of this argument, Defendants specifically refer to ECF No. 13, PageID.200-201).

Because Plaintiffs have failed to plead a plausible claim for which relief could be granted them under these statutes, the claims should be dismissed in their entirety.

In addition, Plaintiffs stated in their reply in support of their motion for preliminary injunction that they did not assert a claim under 50 U.S.C. §20701, and that they made no claim for a remedy under the statute. (ECF No. 15, PageID.251). Accordingly, to the extent any such claim appears on the face of the amended complaint, it should be considered withdrawn or abandoned.

### 1. Under Michigan law, local clerks—not the Secretary of State or Governor—retain election records.

Pursuant to Fed. R. Civ. Proc. 10(c), Defendants adopt and incorporate by reference their arguments in their response to the motion for preliminary injunction. For purposes of this argument, Defendants specifically refer to ECF No. 13, PageID.201-202.

Plaintiffs have failed to establish that the Secretary of State or—in particular—the Governor or Board of State Canvassers have any records that are subject to retention under 52 U.S.C. § 20701. Their claims, therefore, fail as a matter of law and must be dismissed.

### C. Plaintiffs' claims are barred by the Eleventh Amendment.

Pursuant to Fed. R. Civ. Proc. 10(c), Defendants adopt and incorporate by reference their arguments in their response to the motion for preliminary injunction. For purposes of this argument, Defendants specifically refer to ECF No. 13, PageID.202-204.

11

For these reasons, Plaintiffs' claims are clearly barred by the Eleventh Amendment and must be dismissed.

### IV. Plaintiffs are not entitled to a declaratory judgment.

Pursuant to Fed. R. Civ. Proc. 10(c), Defendants adopt and incorporate by reference their arguments in their response to the motion for preliminary injunction. For purposes of this argument, Defendants specifically refer to ECF No. 13, PageID.204-205.

Because there is no case or controversy and Plaintiffs' request for a declaratory judgment is not ripe and must be dismissed.

### CONCLUSION AND RELIEF REQUESTED

For these reasons, Defendants Governor Gretchen Whitmer, Secretary of State Jocelyn Benson and the Board of State Canvassers respectfully request that this Honorable Court enter an Order dismissing the Complaint against Defendants in its entirety and with prejudice.

Respectfully submitted,

*s/Erik A. Grill*
Erik A. Grill (P64713)
Heather S. Meingast (P55439)
Assistant Attorneys General
Attorneys for Defendant Benson
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659
meingasth@michigan.gov
P55439

Dated: October 4, 2022

## CERTIFICATE OF SERVICE

  I hereby certify that on October 4, 2022, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

              *s/Erik A. Grill*
              Erik A. Grill