**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN
GRAND RAPIDS DIVISION**

| | |
|---|---|
| **JASON ICKES, voter** | |
| **KEN BEYER, voter** | |
| **MACOMB COUNTY REPUBLICAN PARTY** by its officers of the Executive Committee, | Civil Action No. :  22-cv-00817 |
| | **HON. PAUL L. MALONY** |
| **DONNA BRANDENBURG,** US Tax Payers Candidate for the 2022 Governor of Michigan, | **MAG. PHILLIP J. GREEN** |
| **ELECTION INTEGRITY FUND AND FORCE**, a Michigan non-profit corporation, AND | **PLAINTIFFS' REPLY BRIEF** |
| **SHARON OLSON,** in her official capacity as the Clerk of Irving Township Barry County | |
| Plaintiffs, | |
| v. | |
| **GRETCHEN WHITMER,** in her official capacity as the Governor of Michigan, and | |
| **JOCELYN BENSON,** in her official capacity as Michigan Secretary of State | |
| **MICHIGAN BOARD OF STATE CANVASSERS,** | |
| Defendants. | |
| **Daniel J. Hartman (P52632)**<br>Attorney for Plaintiffs<br>PO BOX 307<br>Petoskey, MI 49770<br>(231) 348-5100<br>Danjh1234@yahoo.com | **HEATHER S. MEINGAST (P55439)**<br>Erik A Grill (P64713)<br>Bryan W. Beach (P69681)<br>Asst. Attorneys General<br>PO BOX 30736<br>LANSING, MI 48909 |

## PLAINTIFFS' ANSWER TO MOTION TO DISMISS

The Plaintiffs, through their attorney, Daniel j. Hartman, in support of their answer to the Defendant's Motion to Dismiss State:

1. Denied in part and admitted in part. The challenge of the lawsuit is on the use of the voting system in Michigan as it is not compliant with federal or state law which has set forth requirements as pre-requisites for the use of a voting system.  One of the three remedies that the complaint seeks is to have the court determine how this affects the 2020 election which was certified illegally based on the illegal use of the voting system.

2. Denied that the doctrine of latches bars this remedy. First, the relief includes prosepective application as well at application to the 2020 election in that the voting system can not be used illegally in 2022 or future election. Generally, a quo warranto action at common law for a person usurping an office can be brought at anytime during the term of the office. While it is recognized that the term of the office of the US presidential election is four years and that it is less than ½ over with more than two full years remaining. The delay is also not unreasonable in bringing the action in that the discovery by the Plaintiffs' of the illegality of the voting system was not known until literally a few weeks before the action was commenced. Finally, there is no prejudice from the delay as the defendants have an ongoing obligation to conduct an honest, open election.

3. Denied for the reason that Plaintiffs have standing before the court to raise the claim. Again the defendant seeks to avoid any determination on the merits as to claims brought related to duties imposed on them under the law. The lack of standing claim is not uniformly asserted in that whenever the defendants seek to have a favorable settlement in

court under a strategy called 'sue and settle' then the Michigan Attorney General concedes standing and enters into resolutions of claims.

4. Denied that the 11th Amendment bars any of the defendant's claims.

5. Denied for the reason that the Plaintiffs have stated a claim upon which a claim can be granted under the constitution. The Plaintiff has requested declaratory, mandamus and injunctive relief to which the plaintiffs are entitled.

6. Denied for the reason that the Plaintiffs did not assert a criminal complaint and merely stated a legal duty imposed upon the Defendant Secretary of State to follow federal laws as to the preservation of election materials that should be preserved.

7. Denied for the reason that the Plaintiffs have stated a claim upon which a claim can be granted under Michigan law. The Plaintiff has requested declaratory, mandamus, and injunctive relief to which the plaintiffs are entitled.

WHEREFORE, the Plaintiffs request this Honorable Court dismiss the motion to dismiss for the reason stated herein and in the Brief in support of the Plaintiffs' answer.

Dated: 10/26/2022                              /S/ Daniel J. Hartman
                                               Daniel J. Hartman (P52632)