UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON ICKES, voter, KEN BEYER, voter, MACOMB COUNTY REPULICAN PARTY, by its officers of the Executive Committee, DONNA BRANDENBERG, US Tax Payers candidate for the 2022 Governor of Michigan, ELECTION INTEGRITY FUND AND FORCE, a Michigan non-profit corporation, and SHARON OLSON, in her official capacity as the Clerk of Irving Township Barry County,

Plaintiffs,

v

GRETCHEN WHITMER, in her official capacity as the Governor of Michigan, and JOCELYN BENSON, in her official capacity as Michigan Secretary of State and MICHIGAN BOARD OF STATE CANVASSERS,

Defendants.

No. 22-cv-00817

HON. PAUL L. MALONEY

MAG. PHILLIP J. GREEN

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

---

Daniel J. Hartman (P52632)
Attorney for Plaintiffs
P O Box 307
Petoskey MI 49770
(231) 348-5100
Danjh1234@yahoo.com

Heather S. Meingast (P55439)
Erik A. Grill (P64713)
Assistant Attorneys General
Attorneys for Defendants
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659
meingasth@michigan.gov
grille@michigan.gov

---/

## I. Plaintiffs' response fails to demonstrate that they have standing to raise the claims presented in the amended complaint.

Plaintiffs make little effort to expand on their arguments and essentially rely on their reply brief in support of their motion for preliminary injunction. Plaintiffs, therefore, have added nothing to bolster their claim of standing. But notably, by relying on their earlier reply brief, Plaintiffs also incorporate a statement that actually undermines their claim to standing. (ECF No. 22, PageID.1606.) As Defendants have argued, Plaintiffs' complaint raised only undifferentiated, generalized grievances about the conduct of government that [courts] have refused to countenance, and they have asserted no "particularized stake" in the litigation. *Lance v. Coffman*, 549 U.S. 437, 442 (2007). In their earlier reply brief, however, Plaintiffs argued that there was injury-in-fact because, "There [sic] rights **like all voters of Michigan** are impacted directly when the federal and state statutes that govern the right to the voting franchise are violated." (ECF No. 15, Pl's Reply, PageID.243.) Plaintiffs have thus conceded that they have no specific injury that is any different from any other voter in the State of Michigan. As such, they fail to establish any particularized stake in the litigation sufficient to establish standing, and instead raise only generalized grievances about whether state election law was followed. Because the U.S. Supreme Court has held that such general claims are not sufficient to establish standing, Plaintiffs' claims must be dismissed.

In addition, it is not clear that Plaintiff Sharon Olsen is properly before this Court in her official capacity as Irving Township Clerk. On October 18, 2022, the Irving Township Board passed a resolution clarifying that it had not authorized or

approved either a lawsuit to be filed on behalf of the Township or the retention of an attorney to represent the Township. (Exhibit A, Irving Twp 10/18/22 Resolution, p 1.) The resolution expressly states that the Township is not a party in this action and *disavows* any participation in this action. Accordingly, there is considerable doubt that Plaintiff Olsen is participating in this action "in her official capacity" or has standing to raise any legal rights or interests of the Township in this case.

## II. Plaintiffs' response fails to adequately explain why their claims are not barred by laches.

Plaintiffs' response first argues that there was no "unreasonable delay" because "the office term" is still ongoing. Assuming this refers to the office of President of the United States, this statement is simply dumbfounding. Taking this argument to its logical end, Plaintiffs could arguably bring claims challenging the validity of election equipment for the 2020 election anytime through January 20, 2024. Tellingly, Plaintiffs cite to no legal authority supporting this position, or refuting the authority cited by Defendants supporting the application of laches.

Next, Plaintiffs blanketly assert that there has been no prejudice from their delay. But Plaintiffs fail to address Defendants' arguments articulating considerable prejudice from Plaintiffs' delay. Any order invalidating the 2020 general election results would certainly impact any and all other candidates and officers elected in that election, who have now held office for nearly two years. This prejudice could easily have been avoided had Plaintiffs timely raised any claims about the accreditation of Pro V&V that—by their own allegations—arose sometime

in 2017. (ECF No. 8, ¶46-47, PageID.105.) It is difficult to imagine a clearer application of the rationale for the doctrine of laches. *McDonald v. Cnty. of San Diego*, 124 F. App'x 588 (9th Cir. 2005); *Soules v. Kauaians for Nukolii Campaign Comm.*, 849 F.2d 1176, 1180 (9th Cir. 1988)). Plaintiffs' claims should be dismissed.

### III. Plaintiffs' response does nothing to demonstrate a viable claim under either Equal Protection or 50 U.S.C. § 20701.

Plaintiffs' response largely relies on the same arguments presented in its earlier reply brief, but then spends several pages discussing an Equal Protection claim based upon ballot marking, voter intent, and the use of adjudication software by Dominion Voting Systems. (ECF No. 22, PageID.1607-1610.) However, Plaintiffs' amended complaint does not include any allegations supporting these arguments. The words "voter intent," "ballot marks," and "adjudication" do not appear in any of the 140 paragraphs of the amended complaint. So, this argument is entirely irrelevant.

Moreover, these new arguments are strikingly similar to ones recently made in a case before the Wayne County Third Circuit Court, and which were found by the court to be entirely unsupported by evidence. (Exhibit B, *Karamo v. Winfrey,* Case No. 22-012759, p 14.) So, even if these claims had been raised in the amended complaint, they would still be without merit.

Also, concerning the potential of any claim under 50 U.S.C. § 20701, Plaintiffs' response acknowledges that, "no claim was made to enforce this rule as a criminal or civil matter." (ECF 22, PageID.1610.) Whether this is considered a

withdrawal or a clarification, it is clear that no relief under this statute is requested or required.

## IV. Plaintiffs' response fails to avoid the application of immunity under the Eleventh Amendment.

Plaintiffs' response relies entirely on the arguments from their earlier reply brief supporting their motion for preliminary injunction. However, that does little to respond to Defendants' arguments, since the reply brief failed to address the issue of the Eleventh Amendment, and stated instead that, "Further research will be necessary should a proper motion to dismiss be brought as to money damages it is outside the scope of succeeding on the merits as to the basic claims and format of the lawsuit." (ECF No. 22, PageID.252.) But this is now the motion to dismiss, and Plaintiffs cite no law or authority controverting the cases cited by the Defendants or otherwise showing that the Eleventh Amendment should not bar their claims.

Instead, Plaintiffs appear to rely on a blanket statement that the Eleventh Amendment "does not preclude" claims for declaratory relief, injunctive relief, or mandamus relief. (ECF No. 22, PageID.252.) That is simply not a correct statement of law. As Defendants have previously argued, Plaintiffs' requested relief is actually retroactive in nature, as opposed to prospective. See *Edelman v. Jordan*, 415 U.S. 651, 666-667 (1974). Plaintiffs seek to retroactively *undo* the actions of state officials, and—indeed—to substitute new actions in their place, in effect having this Court make determinations in place of state officials. As a result, the *Ex Parte Young* exception to the Eleventh Amendment does not apply to these

claims. "To interpret *Young* to permit a federal court-action to proceed in every case where prospective declaratory and injunctive relief is sought against an officer, named in his individual capacity, would be to adhere to an empty formalism and to undermine the principle…that Eleventh Amendment immunity represents a real limitation on a federal court's federal-question jurisdiction." *Idaho v. Coeur D'Alene Tribe,* 521 U.S. 261, 270 (1997). Federal courts cannot order state officials to conform to state law. See *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 106 (1984). Here, Plaintiffs' complaint is entirely predicated on an election being conducted contrary to Michigan law. The Eleventh Amendment bars this Court's exercise of judicial power to issue Plaintiffs' requested relief.

Also, Plaintiffs' argument ignores that they are seeking damages against state officials in addition to injunctive or declaratory relief. Such claims are clearly barred by the Eleventh Amendment and must be dismissed.

## V. Plaintiffs' response fails to establish a viable claim for declaratory judgment.

Plaintiffs' response relies heavily on Plaintiff Sharon Olsen's capacity as Irving Township Clerk, but—as noted earlier—the Township has asserted that it has not authorized Olsen to file any action on behalf of the Township or to retain counsel in her capacity as Clerk. (Ex. A.) As such, there is considerable doubt that Plaintiff Olsen is acting in her official capacity here. Outside of that capacity, however, Plaintiff Olsen is no different than any other Michigan voter. None of the Plaintiffs—including Plaintiff Olsen—have presented a live case or controversy that

would support the issuance of declaratory relief. Plaintiffs' claims must be dismissed.

Respectfully submitted,

*s/Erik A. Grill*
Erik A. Grill (P64713)
Heather S. Meingast (P55439)
Assistant Attorneys General
Attorneys for Defendant Benson
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659
meingasth@michigan.gov
P55439

Dated: November 9, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2022, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*s/Erik A. Grill*
Erik A. Grill (P64713)