UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON ICKES, *et al.*, )
                Plaintiffs, )
                 )   No. 1:22-cv-817
-v- )
                 )   Honorable Paul L. Maloney
GRETCHEN WHITMER, *et al.*, )
                Defendants. )
                 )

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

Currently pending is Plaintiffs' request for a preliminary injunction. (ECF No. 2.) Plaintiffs filed the motion seeking a temporary restraining order, which the Court denied in part because Plaintiffs did not meet certain procedural requirements in Rule 65(b). The Court established a briefing schedule and informed the parties that it would consider Plaintiffs' motion as seeking a preliminary injunction.

Plaintiffs ask the Court to order the preservation of records, documents and evidence related to the 2020 presidential election. The Court concludes Plaintiffs have not established a likelihood of success on the merits, have not established irreparable harm in the absence of an injunction, and have not established that the Court can order the requested relief as this lawsuit is currently litigated. The Court will deny the motion.

I.

In their amended complaint (ECF No. 8), Plaintiffs allege several deficiencies in the manner in which the November 2020 election was held. Plaintiffs contend that many voting machines, including both hardware and software, were not certified or accredited in

compliance with state and federal law. As a result of the improper certification or accreditation, Plaintiffs assert that the November 2020 election is void *ab initio*. And, because the election was void, Plaintiffs reason that neither Defendant Gretchen Whitmer nor Defendant Jocelyn Benson had authority to certify the election results. Plaintiffs contend that state and federal statutes require the preservation of election records for a certain amount of time, a period that has recently or will soon expire. Plaintiffs also plead that the law does not require the destruction or deletion of the election records. Plaintiffs request the Court order the preservation of the records not based on any statute but because they need access to the records to prosecute this lawsuit.

Plaintiffs assert several causes of action. As part of their first claim, Plaintiffs seek more than ten declarations. In count 2, Plaintiffs assert violations of the Equal Protection Clause in connection with the exercise of their right to vote.

Plaintiffs initiated this lawsuit on September 2, 2022, and along with their initial complaint, Plaintiffs filed a motion for a temporary restraining order. The Court identified several reasons for denying the motion. (ECF No. 7.) Plaintiffs did not comply with the requirement that the factual allegations concerning immediate and irreparable harm be supported by either a verified complaint or an affidavit. The Court found that Plaintiffs had not established a likelihood of success on the merits. Relevant to the request to preserve evidence, the Court expressed concern that Plaintiffs had not sued the correct parties as neither the Governor nor the Secretary of State had the responsibility for maintaining election records.

II.

Rule 65 of the Federal Rules of Civil Procedure governs requests for preliminary injunctions. District courts exercise their discretion when granting or denying preliminary injunctions. *Planet Aid v. City of St. Johns, Michigan*, 782 F.3d 318, 323 (6th Cir. 2015). When deciding a motion for a preliminary injunction, a court should consider and balance four factors: (1) whether the plaintiff has established a substantial likelihood or probability of success on the merits; (2) whether there is a threat of irreparable harm to the plaintiff; (3) the balance of equities; and (4) whether granting injunctive relief services the public's interest. *Daunt v. Benson*, 956 F.3d 396, 406 (6th Cir. 2020). When a court considers the four factors as part of a constitutional challenge, "'the likelihood of success on the merits often will be the determinative factor.'" *Thompson v. DeWine*, 976 F.3d 610, 615 6th Cir. 2020) (quoting *Obama for America v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012)). The United States Supreme Court has stated that a preliminary injunction is an "extraordinary and drastic remedy," *Munaf v. Geren*, 553 U.S. 674, 690 (2008) (citation omitted) that should "only be awarded upon a clear showing that the plaintiff is entitled to such relief," *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted).

The "proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion[.]" *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). For the purpose of this motion, Plaintiffs have not put forward any evidence. Plaintiffs titled the amended complaint "Verified First Amended Complaint." (PageID.88.) No plaintiff, however, signed the pleading. The two documents signed by a named plaintiff and attached to the amended complaint do not

provide a basis for this Court to consider the factual allegations in the complaint as evidence. For affidavits to function as evidence, the factual allegations must be made on personal knowledge and not on rumors, speculations and subjective beliefs. *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 584-85 (6th Cir. 1992). Plaintiff Ickes states that the factual allegations in the "Verified Petition Writ of Mandamus" are "true and correct to the best of my knowledge as they pertain to Plaintiff Jason Ickes' claims." (ECF No. 8-1 PageID.127.) The record does not contain any document titled "Verified Petition Writ of Mandamus." And, Ickes has not explained the qualifier "as they pertain to [his] claims." The Court declines to read the amended complaint line by line to determine if each factual allegation pertains to Ickes' claims. Plaintiff Beyer's sworn statement contains ten numbered sentences none of which provide a basis for accepting the truth of any factual allegations made in the complaint. (ECF No. 8-2 PageID.128.) He states that he read the verified complaint and he "submit[s] this affidavit under oath and under penalty of perjury." Nowhere does Beyer state that the factual allegations in the complaint are true based on his personal knowledge. And, Beyer signed this statement after reading the initial complaint, not the amended complaint. (*Compare* ECF No. 2-3 PageID.40 *with* ECF No. 8-2 PageID.128.)

Plaintiffs have not established a likelihood of success on the merits of their Equal Protection claim. As the Court explained in the order denying Plaintiffs' motion for a temporary restraining order, if Plaintiffs' allegations about the voting machines are true, all ballots cast were treated in the same manner, albeit on uncertified machines. When all ballots cast receive the same treatment, the party does not demonstrate that his or her vote was diluted. Plaintiffs' suspicions that their votes might not have been accurately recorded

or that the voting machines were somehow manipulated do not suffice to establish a likelihood of success on the merits.

For the purpose of this motion, Plaintiffs have not established any irreparable injury. Plaintiffs have not established with any evidence that the election records are being or will be destroyed. The expiration of a retention requirement does not demonstrate a likelihood that record custodians will begin to destroy the records.

Finally, it is not clear that the Court can grant Plaintiffs the relief they seek in their preliminary injunction. None of the named defendants have responsibility for maintaining or preserving election records. Plaintiffs have not identified any authority by which this Court could issue an injunction against the nonparties who presently have control over the 2020 election records.

### III.

For these reasons, the Court **DENIES** Plaintiffs' motion for a preliminary injunction. (ECF No. 2.) **IT IS SO ORDERED.**

Date:   November 18, 2022                                                   /s/  Paul L. Maloney
                                                                            Paul L. Maloney
                                                                            United States District Judge